Good morning. Good morning, Your Honors. May it please the Court, my name is Jennifer Berry, admitted law student, supervised by Andrew Knapp, appearing on behalf of Petitioner Mr. Jose Muniz-Alvarado. I will reserve two minutes of my time for rebuttal, Your Honors. And you're a law student at where? Southwestern Law School. Glad to have you here, thank you. Thank you. Your Honors, this Court should grant Mr. Muniz-Alvarado's petition for review and vacate his removal order for the very simple reason that he is not removable for a firearm offense or an aggravated felony firearm offense as found by the Board. This Court's clear case law says, under Aguilar-Rios, Medina-Lara, and Hernandez, that any California conviction relying on the definition of firearm at former California Penal Code Section 12001B is categorically never a removable firearm offense or aggravated felony firearm offense. Because the definition of firearm at that California Penal Code Section does not exclude antique firearms, while the federal definition at 921A3 does. And the California definition is indivisible, so it's not subject to the modified categorical approach. Here, Mr. Muniz-Alvarado's convictions for California Penal Code Section 246 and 12021A1 both rely on that definition. I'm having a hard time finding. I looked at that this morning. I don't see where the 246 is shooting at an inhabited dwelling. I don't see where the definition of firearm has any, you know, bears on this. In other words, you can't shoot at people even with an antique firearm, right? I'm sorry, Your Honor. The felony possession, there are some guns you can possess, some guns you can't possess. Shooting at an inhabited dwelling, it doesn't matter what kind of gun it is, does it, under the definition of firearms? Correct, Your Honor. So the statute, or the definition of firearm used for 246 is the definition of firearm at former California Penal Code Section 12001B, which is categorically never a removable firearm offense. So is your position that if on a federal preserve, a person takes an antique firearm and shoots it in an inhabited dwelling, he's not committing a federal crime? I don't know about a federal crime, Your Honor, but here the California Penal Code Section 246 was charged with the grounds of removability for a firearm offense, and the definition is categorically overbroad. And the California definition does not satisfy that federal definition, so it's not a firearm offense. Is it a crime involving moral turpitude? The crime involving moral turpitude was never charged by the government. But does it cut off the time? No, Your Honor. Didn't the IJ say that the crime of moral turpitude stopped, invoked the stop time rule? For cancellation of removal, but cancellation of removal does not apply if Mr. Muniz-Alvarado is not removable. And here, the board's only finding of removability were on the firearm offense, aggravated felony firearm offense. So if Mr. Muniz-Alvarado is not removable for the firearm offense or aggravated felony firearm offense, then there's no reason to discuss cancellation of removal. Additionally, no crime involving moral turpitude was ever charged against Mr. Muniz-Alvarado, so that question is not before the court. So the whole case rises and falls on whether the felon in possession charge can survive. Is that it? Correct, Your Honor. And that depends on whether the offense is divisible or not? It depends on whether the offense is categorically, and if not categorically, whether, yes, whether it's divisible. And this court has said that the definitional element, which is at issue, is indivisible, so not subject to the modified categorical approach. And so under the cases, that's the end of the ballgame? Correct. Is it your position that the BIA relied solely on the 12021A felon in possession and did not press the 246 as a basis for removal? In its decision, the board said it did not disturb the immigration judge's finding that 246 was a firearm offense, but the board's decision itself said that Mr. Muniz-Alvarado was removable only for the 12021A1 conviction. So you don't think that the board adopted the IJ's finding on the 246? The board, if it did not adopt the finding, at least adopted the analysis, which is the same for the 246 and the 12021A1 and for the firearm offense and aggravated felony firearm offense. And so because the only charges that were brought and found were the firearm offense and aggravated felony firearm offense, that's all that was before this court. Respondent has not proven that those offenses are removable offenses and, in fact, has effectively conceded that they are not. And so for those reasons, this court should grant the petition for review and vacate the removal. I understand the government wishes to have a remand. Yes, Your Honor. What's your position on that? This court does not need to remand. Excuse me. Respondent refers to the three-element test where only if all three elements are satisfied is remand appropriate. And here, or excuse me, can remand be avoided? And here all three elements are satisfied, so there's no need to remand. The legal issue at question is purely legal. There's nothing within the board's area of expertise that could be brought to bear on remand. This court is only looking at whether the state conviction is a match with the federal ground of removability defined expressly by Title 18, and the board has no expertise in federal criminal matters. Well, the Supreme Court in Romero-Torres has been telling us time and again to remand to the BIA to allow them to express themselves on issues of immigration. Is your position that this is not really an issue of immigration? It's only an issue of federal law? Correct, Your Honor. And because the only legal issue is not within the board's area of expertise, there's no need to remand. In Medina-Lara itself, this court applied Aguilar-Rios without remanding to the board to allow the board to apply that in the first instance. Let me ask you sort of just a more broad question. It strikes me as a little odd. Your client is a lawful permanent resident, but he's racking up felonies left and right, right? I mean, he's a felon in possession of a firearm. He's got a burglary conviction. He's got firing at a shooting at a house, an inhabited house. Is there anything? I mean, is he just immune from removal, or what's his situation? Well, at the time, Mr. Muniz-Alvarado had been in a car accident, was suffering some mental issues at the time, and he only had two incidents that led to state criminal proceedings. Since that time, there have been no other issues. And based on those two proceedings, the government only brought forward and the immigration judge and the board only found that Mr. Muniz-Alvarado was removable for the firearm offense and aggravated felony firearm offense. There were no other grounds of removability charged. There were no other grounds of removability charged from those two state criminal proceedings. So because the grounds of removability that were charged and found are no longer removable, or this court says they're no longer removable offenses, then yes, Mr. Muniz-Alvarado is not removable. Going back to the three-element test, the second element is whether the record is developed, and here, because there were only two state criminal proceedings, the record has been developed. In fact, page 194 of the record, there's a back and forth between the immigration judge and the government attorney. The government attorney considered bringing other charges and said, we would probably base it off of the 246 because it's all the same scheme. Then in its answering brief, respondent says that it didn't have opportunity or reason to develop the record, when that's simply not true. All the relevant documents of conviction were before the court for the 246 and 12021A1 convictions. Finally, the board has already decided this issue because it did find Mr. Muniz-Alvarado removable by adopting the immigration judge's reasoning that 12021A1 was an aggravated felony firearm offense because it did not involve an antique. So with all three elements satisfied, there's no need to remand to the board. This case is similar to Rivera-Cortez v. Holder where intervening case law, after the board's decision, created a clear framework that squarely controls the case. And so this court could decide the case without having to remand to the board to allow it to apply the intervening case law. I see you're down to about five minutes. Did you want to reserve some time, Ms. Berry? If Your Honors don't have any further questions, then yes. Thank you. Good morning. Good morning, Your Honors. May it please the court, Greg Mack, counsel for the respondent, the Attorney General of the United States. As the court is aware, we've asked the court to remand the case to the Board of Immigration Appeals. We believe remand is necessary because the legal landscape changed after the Board of Immigration Appeals entered its decision, that is the landscape with respect to firearms. What immigration aspect has changed in the landscape, counsel? The immigration landscape hasn't changed. Certainly the federal criminal law has changed with respect to these immigration charges. So to be sure, the board doesn't necessarily have any expertise in examining whether these firearms charges are aggravated felonies. Those are federal criminal law questions. However, the legal landscape did change, and the board should have an opportunity to address these issues in the first instance. Why? Because the Supreme Court, as you had intimated, had said, look, the board in the first instance should have the opportunity to at least examine those questions and offer its opinion on the case. What questions would those be? Those questions would be whether this particular firearm, there has been some revision in the California Penal Code with respect to the definition of firearms. So it changed, I believe, from California Penal Code section 12-900 to I think now to 16-0. Excuse me for a second. Could you turn the volume down just a little? We're getting some feedback. Thanks. Sure. The definition of firearms, or at least the numbering in the California Penal Code has changed. So I'm not sure if there's any change that the board needs to look at on remand. But in the first instance, they should have an opportunity to say, yes, this is what the Ninth Circuit has said with respect to the definition of firearm, and no, or yes, that this is an aggravated felony. In addition, and I hesitate to say this, but it's almost as if this would be a windfall if after the legal landscape changed, after the Board of Immigration Appeals decision came down, that the firearm charge goes away, but then the Department of Homeland Security on remand doesn't have an opportunity to at least suppress the charge with respect to a crime involving moral turpitude regarding these offenses. So can't you do that again? Can't you start again? Well, there may be some question as to a final judgment from this court having some res judicata effect in bringing a no charge. So you're effectively asking for remand so he can be recharged in a totally different way? I mean, you can't. That's not an appropriate thing to do. I mean, he's going to live or die by this one issue, which is, as you said correctly in my view, this is an issue of construing federal and state law, and it has nothing to do with BIA expertise. I mean, we're not going to send it back so that there can be a redo by the Department of Homeland Security. Well, not a redo by the Board of Immigration Appeals on the firearms, but an opportunity for the Department of Homeland Security on remand to bring this crime involving moral turpitude. Why can't they bring that right now? There may be some question as to whether there's a res judicata effect. We haven't ruled. Why can't they bring it right now? Well, the case is before this court right now. There's no CIMT? There's no crime involving a moral turpitude charge before this court? Yeah, you can file that tomorrow. There's no reason why you have to wait on us or BIA. The case is essentially the order of removal in this case is before the court on review. So I wouldn't necessarily think that the Department of Homeland Security could bring a new charge. So if we grant the petitioner a review and vacate the order of removal, then you can bring the other action immediately. The sooner the better. In my estimation, we could. I would be concerned about an argument from Petitioner's Counsel below to the Board of Immigration Appeals saying, look, the court's order means he can't ever be charged again going forward on the same set of operative facts that were before this court. Let me just think out loud here. If we were to hold that this felon in possession charge is not categorically a firearms offense, for the reasons you know, and if the offense is not divisible, so there's no point in doing a modified categorical approach, and that's all we hold. Any reason you can't go back and charge him with something else? I would like the court's order to also say there's no foreclosure in the Department of Homeland Security. I'm just telling you what we hold. Don't change my hypo, okay? We don't take special orders. Suppose that's what we hold. I see that as that's the issue here. Is this a categorical crime? The answer is no. Is it divisible? No. Okay, that's all we hold. Then any reason you can't go back and throw it out and whatever else you've got? I personally don't think we're foreclosed. I don't see it either, really. Well, good. I don't think we're foreclosed from bringing that, and I think the Board of Immigration Appeals and the Department of Homeland Security could look at this record and say, we aren't foreclosed from bringing a crime involving moral perjury charge when this case gets back to the Board of Immigration Appeals. I mean, there's no rule of compulsory joinder, as there is on counterclaims in civil practice, as far as I know. Well, again, I think we're in agreement about what we think the aggravated felony firearms charge involves. Well, I'm curious to hear your answer. Is there any rule that you have to bring it all in once? You can't piecemeal it or do it serially? I don't think so, and I don't think we're foreclosed, but I would be concerned about an argument coming below when the Department of Homeland Security does, because of the criminal background and history of this individual, and the individual says, look, you had one shot when it was before the immigration judge and the Board of Immigration Appeals. You took that shot. You didn't file a CIMT charge, so you can't bring the CIMT charge. But if the court issues the order with respect to the firearms the way the court suggests it's going to, and we have this record before the court to the Board of Immigration Appeals, I would certainly feel comfortable telling the Department of Homeland Security, bring the CIMT charge, and we'll deal with arguments below with respect to whether they are foreclosed from going forward. But this is a civil procedure. There's no double jeopardy here. Correct. I'm anticipating the arguments that might happen below if the court grants the order and we do bring it. Are there any limitations issues? I mean, is it still timely? No, it's still timely. The CIMT charge, I believe, is a viable claim. If there's no further questions, thank you, Your Honor. Thank you, Mr. Mack. Ms. Berry, you get the last word. Thank you, Your Honors. I'd just like to go back to an earlier question about the 246 conviction. California Penal Code Section 12001.6b at the time did have the definition from 12001b apply to 246 convictions, so it would be controlled by the same definition. Additionally... That means that in the way you see it, it's not a crime of moral turpitude because you can shoot at somebody's home that's inhabited with an antique gun instead of a modern gun? Well, that would be for the firearm issue. As for the CIMT issue, again, it's not before this court. The immigration judge below and the government's attorney, they had a discussion on the record about whether there was a CIMT charge available. When the immigration judge told the government's attorney, that's your choice, we just want to do everything, do whatever you're going to do all at once, that's at page 195, the only response was to bring the aggravated felony firearm offense. So, basically, what's before this court is that Serrini's Alvarado is not removable, so his petition for review should be granted, his removal order should be vacated, and he should be brought back to this country as an LPR to rejoin his family. Are there no further questions? Thank you. Thank you very much, Ms. Berry. Mr. Mack, thank you as well. The case just argued is submitted. We want to thank you, Ms. Berry, Mr. Knapp, for taking this on a pro bono basis. You did a nice job, Ms. Berry. Thank you.
judges: Donato, Silverman, Bea